**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

FREDDIE L. ANDERSON,

      Plaintiff,

v.                                                                    Case No.: 20-2300

HOMERIVER GROUP,

      Defendant.

---

## COMPLAINT

---

Plaintiff Freddie Anderson brings this action against Defendant HomeRiver Group for legal relief to redress unlawful violations of Plaintiff's rights under the Family and Medical Leave Act of 1993 ("FMLA") as codified at 29 U.S.C. §§ 2601 *et seq*. and Tennessee common law.  In support, Plaintiff states as follows:

### I.  PARTIES

1.      Plaintiff Freddie Anderson ("Plaintiff") is an adult male resident of Memphis, Tennessee.

2.      Defendant HomeRiver Group ("Defendant" or "HomeRiver Group") is a residential property management company doing business in Shelby County, Tennessee. HomeRiver Group's principal office is located at 12906 Tampa Oaks Boulevard, Suite 100, Temple Terrace, Florida 33637.

## II. JURISDICTION/VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Mr. Anderson's Tennessee common law claim of retaliatory discharge under 28 U.S.C. § 1367.

4.      This Court also has personal jurisdiction over HomeRiver Group, who at all relevant times, regularly transacted substantial business in the Western District of Tennessee.  In particular, HomeRiver Group operates an office under the name HomeRiver Group Memphis at 2605 Nonconnah Blvd., Suite 150, Memphis, Tennessee 38132.  Venue is proper under 28 U.S.C. § 1391 (b)(1)-(c).

## III. FACTS

5.      HomeRiver Group hired Mr. Anderson in August 2018 as a Maintenance Tech. Throughout this employment, Mr. Anderson conducted maintenance work on HomeRiver's property and performed to the satisfaction of the company.

6.      On September 27, 2019, Mr. Anderson suffered a compensable injury under Tennessee's workers' compensation when he flipped and fell at a tenant's residence.

7.      He reported that injury to his supervisor and was seen on October 2, 2019 at the Minor Medical Clinic and Emergency Room.  The treating physician recommended that Mr. Anderson receive physical therapy and that he not return to work until after he started that therapy.

8.      Mr. Anderson then had to wait for HomeRiver Group to arrange for his physical therapy and was not able to begin that process until October 21, 2019.  A week after starting physical therapy, Mr. Andrson returned to work on a light duty basis.  HomeRiver Group, however, asked him to accept work tickets that were outside of his light duty restrictions.

9.      On October 28, 2019, Mr. Anderson submitted a Family and Medical Leave Act request form for the upcoming birth of his child.  Mr. Anderson indicated an expected last day of work as December 3, 2019 and that he would return on January 15, 2020.

10.     On November 26, 2019, Mr. Anderson sent a text message to Ben Trombly, Regional Manager for HomeRiver Group, informed him that his wife had gone into labor, and inquired as to whether Mr. Anderson's FMLA leave had been approved as he had not received a response from the company after submitting his leave request form.

11.     Mr. Trombly responded, "Yes it is" and "Good luck."

12.     In reliance on Mr. Trombly's statement, Mr. Anderson began his FMLA-approved leave for the birth of his child and continued that leave until January 6, 2020.  Had Mr. Trombly not indicated that his leave was approved, Mr. Anderson would have continued to work and not taken leave.

13.     On January 1, 2010, Mr. Anderson informed Mr. Trombly that he would be returning to work on January 6, 2020 and asked if he could pick up the work van on Friday, January 3, 2020.  Mr. Trombly claimed that work was slow and suggested that Mr. Anderson find other work.

14.     On January 6, 2020, Mr. Anderson returned to work.  Thereafter, he received few assignments.  In fact, on January 23, 2020, Mr. Anderson received pay for only 60 hours over the previous two-week period.  Mr. Anderson received his last work ticket on January 27, 2020.  Mr. Trombly informed Mr. Anderson that despite the company holding a mandatory staff meeting on January 28, 2020, he did not need to come.

15.     While Mr. Anderson was out on FMLA leave, HomeRiver Group hired a replacement for Mr. Anderson, a man named Dedrick.  Upon Mr. Anderson's return and while he

was being told there was little work, Dedrick received 2 to 3 times as many work tickets as Mr. Anderson.

16.     On January 29, 2020, Mr. Anderson contacted Mr. Twombly and explained he felt that HomeRiver Group was violating his FMLA rights.  On February 3, 2020, HomeRiver Group terminated Mr. Anderson's employment.  In his termination letter, Mr. Trombly claimed that Mr. Anderson was terminated "due to job performance" despite never having previously raised that concern.

17.     HomeRiver Group's claim of "job performance" issues was false and made as a pretext to cover for its true reason, which was that it terminated Mr. Anderson in retaliation for his having taken FMLA and for his complaint that HomeRiver Group was violating his FMLA rights.

18.     HomeRiver Group further interfered with Mr. Anderson's FMLA rights by failing to return to him to his position after he took FMLA protected leave.

19.     HomeRiver Group is equitably estopped from any claim that Mr. Anderson is not eligible for FMLA because HomeRiver Group represented that Mr. Anderson was covered by the FMLA and that his leave was approved, and Mr. Anderson reasonably relied on those representations.  Dobrowski v. Jay Dee Contrs., Inc., 571 F.3d 551 (6th Cir. 2009).

20.     In the alternative, HomeRiver Group terminated Mr. Anderson's employment because he made a claim of workers' compensation benefits.

21.     HomeRiver Group's above actions have caused Mr. Anderson a loss in income and have caused him worry, anxiety, financial distress, humiliation and embarrassment.

22.     Defendant's actions were not simple negligence but intentional, purposeful and/or reckless decisions to interfere with Mr. Anderson's FMLA rights and to retaliate against him for asserting his rights under the FMLA.

## IV. CAUSES OF ACTION UNDER THE FMLA

22.     Mr. Anderson repeats and incorporates by reference the allegations contained in the paragraphs above.

23.     Mr. Anderson was entitled and eligible to take leave under the FMLA.

24.     The actions of HomeRiver Group constitute illegal interference and retaliation in violation of 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

## V. TENNESSEE COMMON LAW RETALIATORY DISCHARGE

25.     Mr. Anderson repeats and incorporates by reference the allegations contained in the paragraphs above.

26.     In retaliation for Mr. Anderson making a claim for workers' compensation benefits, HomeRiver Group terminated his employment.

27.     HomeRiver Group's actions constitute retaliatory discharge in violation of the Tennessee common law.  Clanton v. Cain-Sloan Co., 677 S.W.2d 441 (Tenn. 1984).

## VI. PRAYER FOR RELIEF

28.     WHEREFORE, Plaintiff prays for the following relief:

29.     That Mr. Anderson be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including but not limited to back pay and front pay, plus pre-judgment interest;

30.     That Mr. Anderson be awarded any additional actual monetary loss sustained as a result of Defendant's actions;

31.     That Mr. Anderson be awarded compensatory damages for emotional harm, pain and suffering, humiliation, embarrassment; and damage to reputation;

32.     That Mr. Anderson be awarded punitive damages for Defendant's reckless disregard of Mr. Anderson's rights under Tennessee's common law;

33.     That Mr. Anderson be awarded liquidated damages in an amount equal to his loss of wages, salary, employment benefits and other compensation, with interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii);

34.     That this Court award Mr. Anderson reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees, as provided by the FMLA; and

35.     Mr. Anderson further seeks any and all other general, equitable and/or monetary relief as deemed just by the Court.

Respectfully submitted,

/s/Bryce W. Ashby
Donald A. Donati – TN Bar #8633
Bryce W. Ashby – TN Bar #26179
Janelle A. Crandall – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF